**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No. CV 07-1710-PHX-EHC |
| Plaintiff, | **ORDER** |
| vs. | |
| Cannon & Wendt Electric Co., Inc., | |
| Defendant. | |

Plaintiff filed this case under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (Title VII), and 42 U.S.C. § 1981a, alleging unlawful employment practices and to provide appropriate relief to one Victor Cortez (Dkt. 1). Defendant has filed an Answer and Counterclaim (Dkt. 4).

Plaintiff has filed a Motion to Dismiss the Counterclaim with prejudice for failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6) (Dkt. 6), Defendant has filed a Response (Dkt. 9), and Plaintiff has filed a Reply (Dkt. 13). Defendant has filed a separate Motion to Dismiss the Counterclaim without prejudice (Dkt. 10) and Plaintiff has filed a Response (Dkt. 14). Defendant has not filed a reply.

A complaint generally must satisfy only the minimal notice pleading requirements of Fed.R.Civ.P. 8(a)(2), that is, "a short and plain statement of the claim showing that the pleader is entitled to relief." See Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). The complaint must allege sufficient facts to show that the cause of action is plausible. Bell

1  Atlantic Corp. v. Twombly, __U.S.__, 127 S.Ct. 1955,1965-1966 (2007).  In considering
2  a motion to dismiss under Rule 12(b)(6), a court must accept all allegations of material fact
3  as true and construe them in the light most favorable to the [plaintiff].  Hearns v. Terhune,
4  413 F.3d 1036, 1040 (9th Cir. 2005). Dismissal can be based on "lack of a cognizable legal
5  theory" or "the absence of sufficient facts alleged under a cognizable legal theory."
6  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

7  Defendant asserts in its Counterclaim that the filing of this lawsuit constitutes
8  harassment, that Plaintiff is liable for sanctions for violating its own regulations, and that
9  Defendant has been damaged in the business community ("good will") and for the expenses
10 of defending "this frivolous lawsuit" (Dkt. 4 - Counterclaim ¶¶ 8-10). Plaintiff moves to
11 dismiss the Counterclaim on grounds that the Counterclaim has no legal basis and is
12 frivolous; that sovereign immunity has not been waived regarding a suit against the EEOC
13 as Plaintiff; and, Title VII does not provide a cause of action against the EEOC to challenge
14 its investigation and processing of a charge. Defendant argues in its Response that the
15 Counterclaim seeks damages to offset any damages awarded to Plaintiff (Dkt. 9 at 2).

16 In an employment discrimination case, the defendant employer may not counterclaim
17 based on tort claims. Equal Employment Opportunity Commission v. First National Bank of
18 Jackson, 614 F.2d 1004, 1006 (5th Cir. 1980).

19 Accordingly,

20 **IT IS ORDERED** that Plaintiff's Motion to Dismiss (Dkt. 6) is granted. Defendant's
21 Counterclaim is dismissed with prejudice.

22 **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss  (Dkt. 10) is
23 denied as moot.

24 DATED this 4th day of August, 2008.

Earl H. Carroll
United States District Judge