IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>    Plaintiff,<br><br>vs.<br><br>Cannon & Wendt Electric Co., Inc.,<br><br>    Defendant. | Case No.: CIV-07-1710-PHX-EHC<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Cannon & Wendt Electric Co., Inc. ("Defendant"), to enforce Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In the Complaint, the Commission alleged Defendant

discriminated against Victor Cortez by subjecting him to disparate terms and conditions of employment, including harassment and discipline, by terminating him because of his national origin, Mexican, and by retaliating against him because he complained about the discrimination.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. By entering into this Consent Decree, Defendant does not admit any liability.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

1. This decree resolves all claims asserted by the Commission against Defendant in this action. The claims resolved include all claims for discrimination, back pay, front pay, compensatory and punitive damages, interest, injunctive relief, attorney's fees and costs arising from or related to the issues raised in this lawsuit.

## INJUNCTION

2. Defendant, its managers, agents, officers, employees, successors and assigns and all persons in active concert or participation with it, are enjoined for the duration of the decree from discriminating against any individual based on his or her national origin, and from retaliating against any employee who: (a) opposes practices made unlawful by Title VII or a state equal employment statute, (b) makes a charge of discrimination or assists or participates in an investigation or proceeding under Title VII or a state equal employment statute, or (c) files an internal complaint of discrimination. This injunction will remain in effect on the basis of national origin for the duration of the decree at any facility owned or operated by Defendant.

## RELIEF TO THE CHARGING PARTY

3. In accordance with this decree, Defendant will pay Victor Cortez the total sum of $100,000.00("settlement amount") which represents settlement of the following claims:

    A.    $ 20,000.00 for back pay; and

    B.    $ 80,000.00 for compensatory damages.

4. The settlement amount shall be paid to Victor Cortez within five (5) business days of entry of the Decree. For the amount designated as back pay, $20,000, Defendant shall be responsible for paying the employer's share of FUTA and FICA and the amount will not be taken from the settlement amount. For all other amounts, $80,000 for compensatory damages, Defendant will issue United States Internal Revenue Service Forms, including a Form 1099, to Mr. Cortez as required by law.

5. Defendant shall not condition the receipt of monetary relief on Victor Cortez's agreement to: (a) maintain as confidential the terms of this Decree; (b) waive his statutory right to file prospectively a charge with any federal or state anti-discrimination agency; or (c) refrain from reapplying for a job or temporary position with Defendant.

6. Defendant shall mail a check, via certified mail, in the amounts and within the time frames specified in Paragraphs 3 and 4, to the address provided by EEOC. Within five days of the issuance of the checks, Defendant will submit a copy of the checks and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central, Suite 690, Phoenix, Arizona 85012-

2504.

7.  In response to any employment inquiries or reference checks concerning Victor Cortez, Defendant shall provide a positive reference, attached as Exhibit B, and Defendant will maintain a record of all employment inquiries and references provided. This provision shall remain in force for so long as Mr. Cortez uses Defendant as a reference and is not limited to the duration of this decree.

8.  Defendant shall convert Victor Cortez's termination to a voluntary resignation and shall expunge from the Victor Cortez's personnel file all references to the charge of discrimination filed against Defendant and to his involuntary termination.

9.  Defendant shall not take any action against Victor Cortez or any witness in this litigation in retaliation for filing a charge of employment discrimination or for participating, assisting or testifying in this action.

## DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

10.  Within sixty (60) days of the entering of this Decree, Defendant shall permanently post the notice attached as Exhibit A in a prominent place frequented by its employees in all office locations in the United States, and Defendant shall also deliver to all employees a written copy of Exhibit A. The notice shall be the same type, style and size as Exhibit A.

11.  Within ninety (90) days of the entering of this Decree, Defendant shall provide training on national origin discrimination and retaliation, according to the following terms:

   A.  Defendant shall retain and pay for a qualified consultant/lecturer who shall provide consultation and training for a period of three (3) years from the date of this Decree. During each of the next three years, Defendant shall mandate that all

officers, managers, foremen, and supervisory employees ("mangers") of Defendant's located in any state shall attend a live ninety (90) minutes seminar training by this consultant/lecturer. These seminars will be focused on how to prevent, identify, report, investigate, address and document national origin discrimination and retaliation observed or experienced by employees. These seminars will also discuss disciplinary actions that will be taken against any employee who engages in national origin discrimination and retaliation. Defendant must obtain the EEOC's written approval for the consultant/trainer. In addition to the three live annual sessions discussed above, a video tape training session shall be shown to each newly hired manager employee during the next three years. Defendant may, at its election, have duplicate videotaped sessions to accommodate staffing needs. To ensure that all manager employees will fully understand the substance of the seminars, a certified Spanish translator (if necessary) shall be present to provide simultaneous translation at each seminar. In addition, all written training materials used (either given to attendees or otherwise shown to attendees) shall be provided in Spanish and English, if needed.

        B.      During the first year, the seminar training sessions discussed in Paragraph 11(A) shall be conducted within six (6) months of the entry of this Decree. For the second and third years, the seminar training session shall be conducted between January 1st and June 30th of each subsequent year.

        C.      The seminar training sessions discussed in Paragraph 11(A) shall include fifteen (15) to thirty (30) minutes of questions and answers. All persons attending any of the trainings as discussed in Paragraph 11(A) shall sign a registry of attendance. Defendant shall retain these registries for the duration of the Decree.

        D.      The seminars shall include the subject of what constitutes national origin discrimination and retaliation; that discrimination in the hiring, firing, compensation, assignment, or other terms, conditions or privileges of employment violates Title VII; how to prevent national origin discrimination and retaliation; how to provide a work environment free from national origin discrimination and retaliation; and to whom and by what means employees may complain if they feel they have been

subjected to national origin discrimination and retaliation in the workplace. The session shall also review and explain Defendant's policies set out in paragraph fourteen 13 (A)-(K) below of this Decree.

   E. During the live training sessions discussed in Paragraph 11(A) above, one of Defendant's four officers shall discuss the disciplinary actions that will be taken against partners, supervisors, managers, directors, and employees who (1) commit acts of discrimination, (2) fail to properly and promptly act on complaints/reports of national origin discrimination and retaliation, (3) fail to properly and promptly act on observations of conduct that may rise to the level of national origin discrimination and retaliation, or (4) otherwise allow national origin discrimination and retaliation to occur in the workplace. Defendant's representative shall also discuss the importance of maintaining an environment free of discrimination, and Defendant's policy with regard to national origin discrimination and retaliation referred to in paragraph thirteen (13) of this Consent Decree.

12. The Commission, at its discretion, may designate Commission representatives to attend and participate in the seminar training sessions discussed in Paragraphs 11(A) above. Defendant shall provide written notice to the Regional Attorney of the EEOC's Phoenix District Office of the time, date, and location of each training scheduled pursuant to Paragraphs 11(A) above at least thirty (30) days before the each training. The EEOC will provide Defendant written notice of its intent to attend the training sessions at least one (1) week prior to the scheduled training.

13. Within ten (10) days of the entry of this Decree, Defendant shall review, revise, or create a written policy concerning national origin discrimination and retaliation (the "Policy") to conform to the law. The Policy should be written in English, Spanish and any other language that is appropriate based on the demographics of Defendant's employees. As part of this Consent Decree, Defendant shall submit the policy to the Regional Attorney of the Phoenix District Office of the EEOC within thirty (30) days of the entry of this Decree. This written policy must include, at a minimum:

     A.     A strong and clear commitment to a workplace free of discrimination based national origin and retaliation;

     B.     Clear and complete definitions of national origin discrimination and retaliation with many relevant examples;

     C.     A clear and strong encouragement of persons who believe they have been discriminated against based upon national origin and retaliation to come forward;

     D.     A description of the consequences, up to and including termination, which will be imposed upon violators of the policy;

     E.     A promise of maximum feasible confidentiality for persons who believe that they have been harassed based on national origin or retaliated against;

     F.     An assurance of non-retaliation for witnesses of national origin discrimination and retaliation and persons who believe they have been discriminated against based on retaliation;

     G.     That discrimination based upon national origin and retaliation by all persons, including management officials, supervisors, vendors, suppliers and third parties is prohibited and will not be tolerated;

     H.     The policy that employees may complain to any manager regarding harassment and identification of all specific individuals, including all managers, with their telephone numbers, to whom employees who have observed discrimination or have suffered discrimination can report the national origin discrimination and retaliation, including a written statement that the employee may report the discrimination to managers outside their chain of management;

     I.     Assurances that Defendant will investigate national origin discrimination and retaliation complaints promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the national origin discrimination and retaliation;

     J.     Promise that Defendant shall promptly and appropriately respond to all complaints of national origin discrimination and retaliation, that the response must

include a finding of whether national origin discrimination and retaliation occurred; a credibility assessment, if necessary, interviews of all potential victims and witnesses identified; and detailed concurrent notes of the investigation. The policy shall further promise that Defendant shall take immediate appropriate corrective and remedial action, including eradication of national origin discrimination and retaliation and disciplining harassers; and

   K. This Policy shall be distributed to each current employee within thirty (30) days of the entry of the Decree. This Policy shall be distributed to all new employees when hired and reissued to each Employee once a year for the term of this Decree. These policies also shall be posted in both English and Spanish in a prominent place frequented by the employees at all Defendant's office locations within the United States.

  14. Within sixty (60) days, Defendant shall institute a procedure which evaluates all employees with supervisory/managerial duties on their performance in responding to complaints of national origin discrimination and retaliation. Each of these employees shall be advised that the failure of such an employee to enforce the anti-discrimination policies may result in disciplinary action, up to and including termination.

  15. Within sixty (60) days, Defendant shall include a written provision and/or statement in all training materials that supervisors' and managers' performance will be evaluated, in part, on their response to complaints of discrimination, including national origin discrimination and retaliation, and that failure to enforce policies against national origin discrimination and retaliation will result in disciplinary action, up to and including termination.

  16. Immediately, Defendant shall promptly and appropriately respond to all complaints of national origin discrimination and retaliation. The response must include an investigation and a finding of whether national origin discrimination and retaliation occurred; a credibility assessment; interviews of all potential victims and witnesses identified; and detailed concurrent notes of the investigation. Defendant shall take

immediate appropriate corrective and remedial action to eradicate national origin discrimination and retaliation, including disciplining or terminating the discriminators.

17. Immediately, Defendant shall end any practice of retaining documents related to any investigation in the personnel file of any employee who complains of national origin discrimination and retaliation. However, all disciplinary actions taken against employees for violation of Defendant's anti-discrimination policies will be retained in the personnel file of the disciplined employee(s). In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the personnel file of the employee(s) alleged to have engaged in discrimination.

18. Within sixty days of the entry of this decree, Defendant shall ensure that Mark Ghose attend the training(s) discussed in paragragh 11(A) above. Within one week of the training referred to above, Mark Ghose shall meet with his supervisor, Ron Wrazen, to discuss the training for two hours, the anti-discrimination policies, the effects of national origin discrimination and retaliation and the importance of treating all employees equally and with dignity in the workplace.

19. Defendant shall, within 5 days of the entry of this decree, deliver the attached signed letter from Ron Wrazen, which is attached to this Decree as Exhibits C.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

20. Defendant shall report in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central, Suite 690, Phoenix, Arizona 85012-2504 beginning six months from the date of the entry of this decree, and thereafter every six months for the duration of the decree the following information:

A. Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subject of national origin discrimination and

retaliation.

B. The registry of persons attending each of the seminar-training sessions required in paragraph 11(D) of this decree and a list of current employees on the day of the seminar-training session.

C. An affidavit by Defendant stating the Notice required in paragraph 10 of this decree was posted and the locations where it was posted.

D. An affidavit by Defendant stating the training required in paragraphs 11 (A)-(E) and 18 of this decree was conducted and the policies required in paragraph 13 (A)-(K) of this Consent Decree were posted and distributed to each current and new employee.

E. A copy of the revised policy required in paragraph 13 of this Decree.

21. The Commission, upon reasonable notice, shall have the right to enter inspect the premises of Defendant's facilities to ensure compliance with this decree and federal anti-discrimination laws.

## COSTS AND DURATION

22. Each party shall bear its costs and attorney's fees incurred as a result of this action through the entry of this decree.

23. The duration of this decree shall be three (3) years from its entry. This Court shall retain jurisdiction of this action for the duration of the decree, during which the Commission may petition this Court for compliance with this decree. Should the Court determine that Defendant has not complied with this decree, appropriate relief,

including extension of this decree for such period as may be necessary to remedy its non-compliance, may be ordered.

24. This decree shall expire by its own terms at the end of three (3) years after entry, without further action by the parties.

25. The parties agree to entry of this decree and judgment subject to final approval by the Court.

ENTERED AND ORDERED this __9__ day of __April__, 2010.

_____
Earl H. Carroll
United States District Judge

APPROVED AND CONSENTED TO:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, NW
Washington, D.C. 20507

_____
MARY JO O'NEILL
Regional Attorney

_____
SALLY C. SHANLEY
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff

_____
GUY DAVID KNOLLER
MEENOO CHAHBAZI
Trial Attorneys


Teresa H. Foster
**ELLIS & BAKER, P.C.**
7301 N. 16th Street, Suite 102
Phoenix, AZ 85020

Attorneys for Defendant

_____
Teresa H. Foster

_____
For Cannon & Wendt Co., Inc.

EXHIBIT A

# NOTICE TO ALL EMPLOYEES OF CANNON & WENDT ELECTRIC CO., INC.

This Notice is posted pursuant to a Consent Decree entered into between Cannon & Wendt Electric Co., Inc. and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under the federal law (Title VII of the Civil Rights Act of 1964) and state law to discriminate against individuals based on their national origin. It is also unlawful to retaliate against individuals who oppose a practice made unlawful under federal law, files, assists, or participates in the filing of a charge of discrimination or participates in the filing of a charge of discrimination or participates in any investigation under Title VII, or who files a grievance alleging discrimination.

If you believe you have been unlawfully discriminated against based on national origin or retaliated against in your workplace you should report it to Cannon & Wendt's EEO Officer, Robert Hanson, or any other manager. You always have the right to seek assistance from:

**Equal Employment Opportunity Commission (EEOC)**
3300 N. Central Avenue, Suite 690
Phoenix, Arizona 85012
1-602-640-5000 (main number)
1-800-669-4000 (toll free)

www.eeoc.gov

-or-

**Arizona Civil Rights Division**
1275 West Washington Street
c/o Attorney General
Phoenix, Arizona 85007
1-602-542-5025
1-800-352-8431 (toll free)
civilrightsinfo@azag.gov

**You have the right to file a charge of discrimination with these agencies if you believe you have been discriminated against based on your national origin or if you believe you have been retaliated against by your employer for opposing discrimination or participating in protected activity.**

EXHIBIT B

[On Company Letterhead]

To Whom It May Concern:

During his employment with Cannon & Wendt from June 19, 2000 to May 6, 2005, Victor Cortez held the position of mechanic. His contributions were valued and we wish him the best in his future endeavors. Mr. Cortez is eligible for rehire.

Sincerely,

_____
Ron Wrazen
Vice President
Field Operations
Officer of Cannon & Wendt

EXHIBIT C

[On Company Letterhead]

Victor Cortez

Dear Mr. Cortez:

Your employment at Cannon & Wendt ended on May 6, 2005. You have alleged that you were discriminated against based on your national origin and retaliated against. We regret if this occurred and apologize for any impact this may have had on you. Your contributions to Cannon & Wendt are very much appreciated. I wish you the best in all your future endeavors.

_____
Ron Wrazen
Vice President
Field Operations
Officer of Cannon & Wendt