**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>            Plaintiff,<br><br>vs.<br><br>Cannon & Wendt Electric Co., Inc.,<br><br>            Defendant. | No. CV 07-1710-PHX-EHC<br><br>**ORDER** |

On June 25, 2010, this case came before the Court for a Hearing on Plaintiff's Application for an Order to Show Cause Why Defendant Should Not Be Held in Contempt for Failure to Obey an Order of the Court (Doc. 105). Plaintiff contends that Defendant has failed to comply with certain provisions of the Consent Decree (Doc. 104) filed on April 12, 2010. On May 18, 2010, Defendant filed a Preliminary Response to the Application for Show Cause Order (Doc. 106). On June 10, 2010, Plaintiff filed a Reply (Doc. 109).

Pursuant to the Court's Order (Dkt. 108) filed on June 1, 2010, the parties filed a Joint Status Report (Doc. 111) on June 18, 2010 regarding disputed issues. The parties filed a Supplemental Joint Status Report (Doc. 112) on June 24, 2010.

Plaintiff's Complaint asserted claims for discrimination regarding Defendant's former employee Victor Cortez under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981a. On September 22, 2009, the Court filed an Order denying Defendant's Motion for Summary Judgment (Doc. 89 - Order). The Consent Decree (Doc.

1   104) was approved and consented to by counsel for the parties and an official of Defendant

2   company all of whom signed the Consent Decree.  The Court entered and ordered the

3   Consent Decree on April 9, 2010.  The Consent Decree was filed on April 12, 2010.

4       Consent decrees "'have attributes both of contracts and of judicial decrees,' a dual

5   character that has resulted in different treatment for different purposes." Gilmore v. People

6   of the State of California, 220 F.3d 987, 1001 n.17 (9th Cir. 2000). Courts may use contract

7   principles in construing consent decrees.  Thompson v. Enomoto, 915 F.2d 1383, 1388 (9th

8   Cir. 1990).  "The contract law of the situs state applies."  Id.

9       The scope of a consent decree is discerned within its four corners, "'and not by

10  reference to what might satisfy the purposes of one of the parties to it' or by what 'might

11  have been written had the plaintiff established his factual claims and legal theories in

12  litigation.'"  Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 574 (1984)(quoting

13  United States v. Armour & Co., 402 U.S. 673, 681-682 (1971)). "A district court has the

14  power to modify a consent decree if experience with the administration of the decree shows

15  the need for modification in order to accomplish the primary goals of the decree."

16  Thompson, 915 F.2d at 1388.  "'A consent decree is a judgment, has the force of res judicata,

17  and it may be enforced by judicial sanctions, including ... citations for contempt.'"  Gilmore,

18  220 F.3d at 1001 n.17 (quoting Securities & Exch. Comm'n v. Randolph, 736 F.2d 525, 528

19  (9th Cir. 1984)).

20      The disputed issues raised in Plaintiff's Application for Order to Show Cause, the

21  Joint Status Report, and the Supplemental Joint Status Report are discussed as follows.

22                  Defendant's Payment to Cortez of $20,000 in Back Pay

23      Plaintiff argues that Defendant has not paid Victor Cortez $20,000 in "back pay" as

24  required by paragraphs 3-6 of the Consent Decree.

25      Defendant responds that a disputed issue remains regarding whether Defendant is

26  required to obtain a Form I-9 prior to issuing a 2010 payroll check to Victor Cortez.  A Form

27  I-9 is an Employment Eligibility Verification and is attached as Exhibit 1 to Defendant's

28

1  Preliminary Response. Defendant argues that its failure to verify employment eligibility and

2  properly retain a current Form I-9 possibly would subject Defendant company to criminal

3  and civil liabilities.  Defendant had on file a 2000 Form I-9 as to Victor Cortez based on an

4  "unexpired INS employment authorization" which by its terms expired on January 7, 2009.

5  Defendant argues that it is required to re-verify employment eligibility when an employee's

6  work authorization expires.  Defendant informs the Court that Victor Cortez is refusing to

7  sign the Form I-9 (Employment Eligibility Verification).  Defendant asks that the Court

8  decide the following issues: (1) that Defendant is not required to obtain a Form I-9; or (2)

9  whether Victor Cortez is required to complete the Form I-9 prior to receiving the check in

10  payment of the "back pay" amount.  In the Supplemental Joint Status Report, Defendant

11  suggests amending the Consent Decree to change the "back pay" to compensatory damages

12  (which are not run through a payroll account).

13       In its Reply, Plaintiff argues that current U.S. Department of Homeland Security

14  guidelines disallow the re-verification of expired permanent residence cards, and that

15  Defendant must pay Victor Cortez the "back pay" amount without requesting a Form I-9.

16  Plaintiff reports that an attorney with the U.S. Department of Justice Office of Special

17  Counsel for Immigration Related Unfair Employment Practices consulted with the U.S.

18  Citizenship and Immigration Services (USCIS) and then in an e-mail on June 2, 2010 notified

19  Defendant's counsel of the following: "If the individual is not being hired or employed by

20  the employer, the employer cannot require the individual to complete a Form I-9" (Doc. 109 -

21  Exhibit 4).  Plaintiff argues that Defendant continues to unreasonably delay paying Victor

22  Cortez the "back pay" amount despite receiving this e-mail.  Plaintiff argues that Defendant

23  failed to raise any concerns relating to the Form I-9 prior to the entry of the Consent Decree.

24  In the Supplemental Joint Status Report, Plaintiff objects to Defendant's assertion that "the

25  backpay ordered by the Consent Decree be 'changed' to compensatory damages because this

26  'change' would subject Mr. Cortez to a higher level of scrutiny from the IRS, and would

27  violate the terms of the Consent Decree negotiated by the Parties, and Ordered by the Court."

28

At the hearing on June 25th, Plaintiff's counsel argued that Defendant was not rehiring Cortez as an employee and described the issue regarding the Form I-9 as "frivolous." Defendant's counsel argued that the issue concerned "back pay" and the Form I-9 matter requires resolution by the Court.

In this case, Cortez allegedly suffered an adverse employment action when his employment was terminated by Defendant company on May 6, 2005. Cortez was unemployed for approximately seven months until he was hired by another company on December 30, 2005.  An award of back pay is generally calculated from the date of the discriminatory discharge until the date of the final judgment.  Kraszewski v. State Farm General Ins. Co., 912 F.2d 1182, 1184-1185 (9th Cir. 1990); Edwards v. Occidental Chemical Corp., 892 F.2d 1442, 1449 (9th Cir. 1990).  Back pay is calculated by subtracting the actual wages a discharged employee earned subsequent to termination from the amount the employee would have earned absent the employer's discrimination.  Gotthardt v. National R.R. Passenger Corp., 191 F.3d 1148, 1158 (9th Cir. 1999).  Sias v. City Demonstration Agency, 588 F.2d 692, 696 (9th Cir. 1978).  According to Defendant, it had on file a 2000 Form I-9 as to Victor Cortez based on an "unexpired INS employment authorization" which by its terms expired on January 7, 2009.  It therefore appears that Defendant had on file a Form I-9 as to Cortez during the time between Cortez's May 6, 2005 employment termination and the date he was hired by another company on December 30, 2005. Cortez was not an employee of Defendant and did not perform any work for Defendant in 2010. Cortez's completion of another Form I-9 appears unnecessary.

The Consent Decree (Doc. 104) at paragraph 3 requires Defendant to pay Victor Cortez a sum of money that includes $20,000 for "back pay."  The Consent Decree at paragraph 4 requires Defendant to pay Cortez the settlement amount within five (5) business days of entry of the Decree.  Paragraph 4 further provides that: "For the amount designated as back pay, $20,000, Defendant shall be responsible for paying the employer's share of FUTA and FICA and the amount will not be taken from the settlement amount."  The

Consent Decree at paragraph 6 requires Defendant to mail the check, via certified mail, within time periods specified in the Consent Decree.  The Consent Decree does not contain any term regarding completion of a Form I-9 by Victor Cortez regarding Defendant's payment to Cortez of the $20,000 in "back pay."

A district court's authority to adopt a consent decree comes only from the statute which the decree is intended to enforce, not from the parties' consent to the decree. Firefighters Local Union No. 1784, 467 U.S. at 576 n. 9.  Plaintiff's Complaint asserted claims for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981a.  The parties have not provided any discussion regarding the basis of this litigation and a Form I-9.  As discussed above, the scope of a consent decree is not discerned by reference to what might satisfy the purposes of one of the parties to it. Defendant will be required by November 15, 2010 to pay Victor Cortez $20,000 in "back pay" as required under the Consent Decree.

The Selection of the In-House Trainer

In the Joint Status Report (Doc. 111), the parties raised an additional disputed issue "other than those raised in Plaintiff's Application for Order to Show Cause," that is, Plaintiff's objection to Defendant's request to utilize its employee, Robert Hanson, for the training required under the Consent Decree (see Consent Decree, ¶ 11(A)).

By way of background, Defendant's employee Robert Hanson, Director of Training and Safety (a management position), took the photograph that allegedly showed Victor Cortez  working under a golf cart supported by a forklift.  This asserted activity allegedly was a safety violation and was an alleged reason in part for Cortez's employment termination.  Cortez appeared to dispute being the employee depicted in the photograph.

Plaintiff objects to Hanson as the in-house trainer because Hanson allegedly participated in retaliating against Cortez.  Plaintiff also objects because Hanson's resume does not indicate that he has obtained any certifications, training or proficiency in the areas of equal employment opportunity or workplace discrimination and harassment.

1      Defendant has responded that Hanson is qualified based on his resume and has been

2  approved by the EEOC for equal opportunity training in another case.

3      The in-house trainer dispute does not otherwise concern Victor Cortez.  The dispute

4  is between Plaintiff and Defendant regarding a provision set forth in the Consent Decree.

5      The Consent Decree provides that "[w]ithin ninety (90) days of the entering of this

6  Decree, Defendant shall provide training on national origin discrimination and retaliation,

7  according to" certain terms as set forth in the Decree.  These terms include that "Defendant

8  shall retain and pay for a qualified consultant/lecturer who shall provide consultation and

9  training for a period of three (3) years from the date of this Decree" (Doc. 104 - Consent

10  Decree ¶¶ 11 & 11(A)).  The Consent Decree further provides that "Defendant must obtain

11  the EEOC's written approval for the consultant/trainer" (id.).

12      The Consent Decree's terms provide that Defendant must obtain Plaintiff's written

13  approval for the consultant/trainer.  Plaintiff has demonstrated in the Joint Status Report that

14  it does not agree with Defendant's selection of Hanson. Defendant therefore will be required

15  to select a consultant/lecturer that Plaintiff has approved in writing by November 15, 2010.

16                                    Other Issues

17      In the Application for Order to Show Cause, Plaintiff argued that Defendant had not

18  paid Cortez $80,000 in compensatory damages or issued to him an apology letter as required

19  by the Consent Decree.  These issues have since been resolved by the parties.

20      In its Reply, Plaintiff moves for an Order that (1) fines Defendant an appropriate

21  amount per day for each day Defendant fails to comply with the Consent Decree; (2) requires

22  Defendant to pay to Victor Cortez a sum comparable to the attorney's fees and costs incurred

23  by Plaintiff EEOC in prosecuting the Show Cause Application; (3) extends the Consent

24  Decree by one additional year (to April 12, 2014); and, (4) requires Defendant to pay Victor

25  Cortez the remaining $20,000 (back pay) due under the Consent Decree plus interest for the

26  continued delay from April 28, 2010 through (a) the date the $80,000 in compensatory

27

28                                      - 6 -

damages was paid on May 19, 2010 and (b) the date the $20,000 in back pay (presently due) is paid to Victor Cortez.

The Consent Decree contains a duration and compliance provision as follows:

> 23. The duration of this decree shall be three (3) years from its entry. This Court shall retain jurisdiction of this action for the duration of this decree, during which the Commission may petition this Court for compliance with this decree. Should the Court determine that Defendant has not complied with this decree, appropriate relief, including extension of this decree for such period as may be necessary to remedy its non-compliance, may be ordered.

(Doc. 104 - Consent Decree ¶ 23). The Court declines to order further relief under the Consent Decree as requested by Plaintiff subject to the right of Plaintiff to re-apply for relief as appropriate after the November 15, 2010 deadline set in this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for an Order to Show Cause Why Defendant Should Not Be Held in Contempt for Failure to Obey an Order of the Court (Doc. 105) is granted in part and denied in part without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Application for an Order to Show Cause, etc. (Doc. 105) is granted to the extent that by November 15, 2010 (1) Defendant shall pay to Victor Cortez $20,000 in "back pay" and (2) Defendant shall select a consultant/lecturer that Plaintiff has approved in writing.

**IT IS FURTHER ORDERED** that Plaintiff's Application for an Order to Show Cause, etc. (Doc. 105) is denied without prejudice to the right of Plaintiff to re-apply for relief under the Consent Decree as appropriate after the November 15, 2010 deadline set in this Order.

DATED this 12th day of October, 2010.

_____
Earl H. Carroll
United States District Judge

- 7 -